Amy M. Churan, Bar No. 216932
AChuran@RobinsKaplan.com
Christina M. Lincoln, Bar No. 274352
CLincoln@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN INTERMEDIATE HOLDCO, INC., D/B/A REGAL CINEMAS,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:22-cv-01248<br><br>**DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**<br><br>[Action filed: January 28, 2022] |

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby removes this case from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. In support of this Notice, Liberty Mutual states the following:

## STATE COURT ACTION

1. On January 28, 2022, plaintiff Crown Intermediate Holdco, Inc., d/b/a Regal Cinemas ("Regal") filed an unverified complaint for breach of contract and

1  declaratory relief ("Complaint") against defendants Allianz Global Risks US
2  Insurance Company ("Allianz"); Liberty Mutual; and Zurich American Insurance
3  Company ("Zurich", collectively, "Insurers") in the Superior Court of California for
4  the County of Los Angeles, Case No. 22STCV03479 (the "State Court Action").

5       2.    The Complaint alleges that Insurers provided property insurance
6  policies ("Policies") to Regal and that Regal made an insurance claim under the
7  Policies in light of the COVID-19 pandemic. Regal alleges that Insurers breached
8  their obligations to Regal by denying its claim for coverage, for which it now seeks
9  damages and other relief.

10       3.    A copy of the Complaint, accompanying exhibits, summons, and other
11  case initiating documents are attached as **Exhibit A**.

12       4.    Defendants Allianz and Zurich were served with a copy of the
13  Complaint on January 28, 2022.

14       5.    Defendant Liberty Mutual was served with a copy of the Complaint on
15  January 31, 2022.

16       6.    On February 8, 2022, Regal served its Notice of Case Management
17  Conference. A copy is attached as **Exhibit B**.

18       7.    On February 22, 2022, the Insurers filed their answers and affirmative
19  defenses with the Superior Court. A copy of Insurers' answers, demands for jury
20  trial, and affirmative defenses are attached as **Exhibit C** (Liberty Mutual), **Exhibit
21  D** (Zurich), and **Exhibit E** (Allianz), respectively.

22       8.    Pursuant to 28 U.S.C. §§ 1446(a), Exhibits A through E together
23  represent a copy of all process, pleadings, and orders served on or by Insurers in
24  this matter.

25       9.    Insurers have not taken any action to submit the merits of their
26  defenses for a binding decision from the Superior Court, nor have they otherwise
27  waived their right to remove this action.
28  / / /

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, the amount in controversy requirement is met, and all of the other requirements for removal have been satisfied.

## DIVERSITY OF CITIZENSHIP

11. Regal is a Delaware corporation with its principal place of business in Tennessee. Therefore, Regal is a citizen of Delaware and Tennessee for the purposes of federal diversity jurisdiction.

12. Liberty Mutual is an insurance company organized under the laws of Wisconsin, with its principal place of business in Massachusetts. Therefore, Liberty Mutual is a citizen of Wisconsin and Massachusetts for the purposes of federal diversity jurisdiction.

13. Allianz is an insurance company organized under the laws of Illinois, with its principal place of business in Illinois. Therefore, Allianz is a citizen of Illinois for the purposes of federal diversity jurisdiction.

14. Zurich is an insurance company organized under the laws of New York, with its principal place of business in Illinois. Therefore, Zurich is a citizen of New York and Illinois for the purposes of federal diversity jurisdiction.

15. Because Regal and Insurers are citizens of different states, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

16. Regal alleges it suffered loss and damage at its more than 500 movie theaters in more than 40 states across the United States (80 such theaters are located in California) due to government closure orders and the COVID-19 pandemic in the form of lost ticket sales, lost concession sales, and extra expenses. Regal further claims that the various stay-at-home orders, which affected non-essential businesses in the states where Regal operates, forced Regal to temporarily close its operations.
///

1    17.    Regal's Complaint alleges that Insurers' Policies collectively provide insurance coverage to Regal of up to $250,000,000 per occurrence, subject to the terms and conditions of each Policy.

18.    Regal's Complaint alleges it (1) incurred approximately $546 million in documented losses for the first and second quarters of 2020; (2) sustained more than $100 million in rental payments that it remained obligated to pay despite the inability to operate its theaters; and (3) documented at least $776,609 in expenses (as of July 2020) relating to cleaning and remediation. According to Regal, such losses and costs have since increased.

19.    As a result of Insurers' denial of coverage under the Policies for Regal's insurance claim, Regal has now filed suit for breach of contract and declaratory relief regarding coverage for the losses identified in its Complaint.

20.    Based on the breadth and scope of the foregoing allegations, the amount in controversy exceeds $75,000.

### TIMELINESS

21.    This notice of removal is timely because Insurers filed it within thirty days of the date they received a copy of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

### VENUE

22.    Venue in this Court is proper. Actions are removable from a state court to the district court that encompasses the county where the action was filed. *See* 28 U.S.C. §1446(a).

### NOTICE

23.    Insurers are concurrently filing a Notice of Filing of Notice of Removal, together with this Notice and its supporting documents, with the Clerk of the Court of the Superior Court of California for the County of Los Angeles, in accordance 28 U.S.C. § 1446(d). The same is being provided to counsel for Regal.

/ / /

/ / /

## RESERVATION OF RIGHTS

24. By removing this action to this Court, Insurers do not waive any defenses, objections, or motions available to them under state and federal law, nor do Insurers concede that Regal has stated any claim upon which relief may be granted.

## CONCLUSION

25. Having established the requirements for removal are met for the State Court Action, Insurers hereby give notice of its removal.

DATED: February 23, 2022   **ROBINS KAPLAN LLP**

By: /s/ Amy M. Churan
   Amy M. Churan
   Christina M. Lincoln

Attorneys for Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** ) ss.
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067-3208.

On February 23, 2022, I served the foregoing document(s) described as **DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL** on the interested parties as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY FEDERAL EXPRESS - OVERNIGHT**: I caused such envelope to be deposited in a box or other facility regularly maintained by Federal Express in an envelope or package designated by Federal Express with delivery fees paid.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees.

[ ] **BY ELECTRONIC MAIL:** I caused a true copy of the document(s) described to be served by electronic mail to the addressee(s) listed on the attached service list.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on February 23, 2022, at Los Angeles, California.

_____
Lilia Castiglioni

# SERVICE LIST

*Crown Intermediate Holdco, Inc., d/b/a Regal Cinemas v.*
*Allianz Global Risks US Insurance Company, et al.*
U.S.D.C. Central District of California Case No. 2:22-cv-01248

| | |
|---|---|
| **Via FedEx Overnight Delivery**<br>Kevin J. Minnick, Esq.<br>SPERTUS, LANDES & UMHOFER, LLP<br>1990 South Bundy Dr., Suite 705<br>Los Angeles, CA  90025<br>Telephone:  (310) 826-4700<br>Fax:  (310) 286-4711<br>E-Mail:  kminnick@spertuslaw.com<br><br>Robin L. Cohen, Esq.<br>Adam S. Ziffer, Esq.<br>Orrie A. Levy, Esq.<br>COHEN ZIFFER FRENCHMAN & MCKENNA LLP<br>1350 Avenue of the Americas<br>New York, NY  10019<br>Telephone:  (212) 584-1890<br>Fax:  (212) 584-1891<br>E-Mail:  rcohen@cohenziffer.com;<br>aziffer@cohenziffer.com;<br>olevy@cohenziffer.com | *Attorneys for Plaintiff*<br>Crown Intermediate Holdco, Inc. d/b/a Regal Cinemas |
| **Via U.S. Mail**<br>John P. Phillips, Esq.<br>Joseph Davison, Esq.<br>DLA Piper LLP<br>555 Mission Street, Suite 2400<br>San Francisco, CA  94105-2933<br>Telephone:  (415) 836-2500<br>Fax:  (415) 836-2501<br>E-Mail:  john.phillips@dlapiper.com;<br>joseph.davison@dlapiper.com | *Attorneys for Defendant*<br>Allianz Global Risks US Insurance Company |
| **Via U.S. Mail**<br>Jeffry Butler, Esq.<br>Christina M. Carroll, Esq.<br>Shari L. Klevens, Esq.<br>DENTONS US LLP<br>1999 Harrison Street, Suite 1300<br>Oakland, CA  94612<br>Telephone:  (415) 882-5000<br>Fax:  (415) 882-0300<br>Email:  jeffry.butler@dentons.com;<br>christina.carroll@dentons.com;<br>shari.klevens@dentons.com | *Attorneys for Defendant*<br>Zurich American Insurance Company |